UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANITA HERNANDEZ-COLWASH, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Commissioner of Social Security, <br><br> Defendant. | NO: 2:15-CV-3116-RMP <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS |

BEFORE THE COURT are Plaintiff Danita Hernandez-Colwash's Motion for Summary Judgment, **ECF No. 13**, and Defendant Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment, **ECF No. 18**. The Court has reviewed the motions, the reply memorandum (ECF No. 19), the administrative record, and is fully informed.

## BACKGROUND

Danita Hernandez-Colwash protectively filed an application for Supplemental Security Income (SSI) on April 18, 2011. ECF No. 9-2 at 24, Tr. 23. Ms. Hernandez-Colwash alleged disability beginning October 31, 2009. *Id.* Ms. Hernandez-Colwash's application was denied initially on July 7, 2011, and

1  upon reconsideration on October 6, 2011. *Id.* Ms. Hernandez-Colwash requested a

2  hearing, which was held via video conference before Administrative Law Judge

3  ("ALJ") Virginia M. Robinson on July 20, 2013. *Id.* Ms. Hernandez-Colwash was

4  present and represented by counsel D. James Tree. *Id.* The ALJ heard testimony

5  from vocational expert ("VE") Kimberly Mullinax. *Id.*

6        The ALJ found that Ms. Hernandez-Colwash had not engaged in substantial

7  gainful work, as defined in 20 C.F.R. § 416.920(b), since the application date of

8  April 18, 2011. ECF No. 9-2 at 26, Tr. 25. Further, the ALJ found that

9  Ms. Hernandez-Colwash had the following severe impairments as defined by 20

10 C.F.R. § 416.920(c): degenerative disc disease of the lumbar spine, obesity,

11 attention deficit hyperactivity disorder (ADHD), affective disorder not otherwise

12 specified (NOS), anxiety disorder NOS, and polysubstance addiction disorder. *Id.*

13       However, the ALJ found that Ms. Hernandez-Colwash did not have an

14 impairment or combination of impairments that met or medically equaled the

15 severity of one of the listed impairments in 20 C.F.R. Part 416, Subpart I,

16 Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). ECF No. 9-2 at 27,

17 Tr. 26. The ALJ further found that Ms. Hernandez-Colwash had the residual

18 functional capacity ("RFC") to

19 > perform light work as defined in 20 CFR 416.967(b) except she can occasionally climb ladder, rope, scaffolding, ramps, or stairs. She can
20 > occasionally stoop, kneel, crouch, or crawl. She should avoid concentrated exposure to pulmonary irritants, vibration, or workplace
21 > hazards. She can perform and persist at unskilled work, can tolerate

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 2

> superficial contact with the general public. She can still give and receive basic directions and respond to simple questions from the general public, but cannot engage in mediation, negotiation, or problem solving with members of the general public.

ECF No. 9-2 at 29, Tr. 28.

Given Ms. Hernandez-Colwash's age, education, work experience, and RFC, the VE testified that there were a number of jobs available in the national economy for an individual sharing her characteristics. ECF No. 9-2 at 38, Tr. 37. The ALJ then found that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* The ALJ concluded that Ms. Hernandez-Colwash was not under a disability as defined by the Social Security Act. *Id.* Ms. Hernandez-Colwash's application was denied on September 27, 2013. *Id.*

Ms. Hernandez-Colwash filed a request for review by the Appeals Council, which was denied on April 30, 2015. ECF No. 9-2 at 2, Tr. 1. Ms. Hernandez-Colwash then filed a complaint in the District Court for the Eastern District of Washington on July 2, 2015, ECF No. 1, and the Commissioner answered the complaint on September 14, 2015. ECF No. 8. This matter is therefore properly before the Court pursuant to 42 U.S.C. § 405(g).

/ / /

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3

## STATEMENT OF FACTS

The facts of this case are set forth in the administrative hearing transcripts and record, ECF No. 9. Ms. Hernandez-Colwash was 37 years old when she applied for SSI and 39 years old at the hearing. *See* ECF No. 9-2 at 24, Tr. 23.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's final decision. 42 U.S.C. § 405(g). A reviewing court must uphold the Commissioner's decision, determined by an ALJ, when the decision is supported by substantial evidence and not based on legal error. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

The reviewing court should uphold "such inferences and conclusions as the [Commissioner] may reasonably draw from the evidence." *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the Commissioner's decision. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *see also Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) ("This court must consider the record as a whole, weighing both the evidence that supports and detracts from the [Commissioner's]

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 4

conclusion."). "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the reviewing court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

Under the Social Security Act (the "Act"),

> an individual shall be considered to be disabled . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering the claimant's age, education, and work experience, engage in any other substantial

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 5

1   gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

2   "Thus, the definition of disability consists of both medical and vocational

3   components." *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

4        The Commissioner has established a five-step sequential evaluation process

5   for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). Step

6   one determines if the claimant is engaged in substantial gainful activities. If the

7   claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R.

8   § 416.920(a)(4)(i).

9        If the claimant is not engaged in substantial gainful activities, the ALJ, under

10  step two, determines whether the claimant has a medically severe impairment or

11  combination of impairments. If the claimant does not have a severe impairment or

12  combination of impairments, the disability claim is denied. 20 C.F.R.

13  § 416.920(a)(4)(ii).

14       If the impairment is severe, the evaluation proceeds to step three, which

15  compares the claimant's impairment to a number of listed impairments

16  acknowledged by the Commissioner to be so severe as to preclude substantial

17  gainful activity. 20 C.F.R. § 416.920(a)(4)(iii); *see also* 20 C.F.R. § 416, Subpt. I,

18  App. 1. If the impairment meets or equals one of the listed impairments, the

19  claimant is conclusively presumed to be disabled. 20 C.F.R. § 416.920(a)(4)(iii).

20

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 6

Before proceeding to step four, the claimant's RFC is assessed. 20 C.F.R. § 416.945(a)(1). An individual's RFC is the ability to do physical and mental work activities on a sustained basis despite limitations from any impairments. *Id.*

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to step four, where the ALJ determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

If the claimant cannot perform her previous work, the final step considers whether the claimant is able to perform other work in the national economy in light of her RFC, age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v).

At step five, the initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The claimant satisfies this burden by establishing that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 7

**ISSUES**

Ms. Hernandez-Colwash asserts that the ALJ committed reversible error by: (1) failing to consider, under step two, whether Ms. Hernandez-Colwash's pelvic fracture and bipolar disorder constitute severe impairments; (2) improperly finding that Ms. Hernandez-Colwash lacked credibility; and (3) improperly disregarding medical opinion evidence. ECF No. 13.

**DISCUSSION**

### I.   Severe Impairments at Step Two

Ms. Hernandez-Colwash asserts that the ALJ committed reversible error by failing to consider whether her pelvic fracture and bipolar disorder constituted severe impairments at step two of the sequential process. ECF No. 13 at 22–24. The Commissioner argues that Ms. Hernandez-Colwash has failed to show harmful error at step two. ECF No. 18 at 2–5.

A severe impairment is one "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Conversely, an impairment is not severe when it is "a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." SSR 96-3p, 1996 WL 374181, at *1 (July 2, 1996).

The ALJ found that, while Ms. Hernandez-Colwash suffered from severe impairments concerning degenerative disc disease of the lumbar spine, obesity, attention deficit hyperactivity disorder (ADHD), affective disorder not otherwise

specified (NOS), anxiety disorder NOS, and polysubstance addiction disorder, Ms. Hernandez-Colwash's diabetes mellitus does not constitute a severe impairment as Ms. Hernandez-Colwash "did not make any references to diabetes or its symptoms" at the hearing and "claimant has subsequently been maintained on metformin, without any documented complications or changes in the dosage of this medication." ECF No. 9-2 at 26–27, Tr. 25–26. The ALJ, however, made no findings as to whether Ms. Hernandez-Colwash's alleged pelvic fracture and bipolar disorder did or did not constitute severe impairments.

As the ALJ did not consider whether Ms. Hernandez-Colwash's pelvic fracture and bipolar disorder constituted severe impairments, the Court finds that the ALJ committed error. *See Black v. Astrue*, 472 F. App'x 491, 493 (9th Cir. 2012) ("Substantial evidence does not support the ALJ's conclusion that the anxiety disorder is not a severe impairment in the absence of any mention of the disorder.").

Although, as noted by the Commissioner, Ms. Hernandez-Colwash carries the burden of establishing a severe impairment, the record contains numerous references to both the pelvic fracture, *see* ECF No. 9-7 at 138, Tr. 485 (noting "left-sided displaced parasymphyseal pubic fracture"); ECF No. 9-8 at 157, Tr. 658 (noting pelvic pain); ECF No. 9-9 at 120, Tr. 826 (noting that "[t]he patient describes her primary pain as in her pelvis bilaterally, posterior to the hips and the upper buttocks. It feels like a deep, throbbing pain which extends down through

her pelvis into her groin, and she states that when it gets bad, it feels as if her pelvis is splitting apart. The pain also extends up into her lower back and down her legs. She states that the pain is not in any particular distribution but just affects her whole leg bilaterally all the way down to the feet. The pain makes her legs feel tired and sore."), and bipolar disorder. *See* ECF No. 9-8 at 96, Tr. 597 ("She fulfills criteria for a manic episode and, as an episode of major depression is not needed for the diagnosis, she fulfills criteria for Bipolar I Disorder."); ECF No. 9-8 at 204, Tr. 705 (diagnosing bipolar disorder); ECF No. 9-9 at 6, Tr. 712 (diagnosing Bipolar I Disorder). Further, as noted by Ms. Hernandez-Colwash, she has alleged functional limitations stemming directly from a bipolar disorder diagnosis. *See* ECF No. 9-9 at 176, Tr. 882 (describing episodes of mood swings where "I can't think straight" and becomes easily distracted, agitated, and irritable). Finally, Ms. Hernandez-Colwash alleged before the ALJ that she had difficulty concentrating, ECF No. 9-2 at 66, Tr. 65, that she broke her pelvis in two places, ECF No. 9-2 at 73, Tr. 72, and experienced mood swings. *Id.*

      The Commissioner argues that subsequent medical examinations of Ms. Hernandez-Colwash's pelvis showed a "stable pelvic ring with no evidence of any pelvis instability." ECF No. 18 at 3 (citing ECF No. 9-7 at 74, Tr. 421). However, Ms. Hernandez-Colwash, in that same examination, reported "some left inguinal pain." ECF No. 9-7 at 74, Tr. 421. As such, although Ms. Hernandez-Colwash's pelvis may have medically healed, Ms. Hernandez-Colwash was

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 10

nevertheless reporting pain emanating from that region. Further, due to the low threshold needed to establish a severe impairment, *see* 1996 WL 374181 (impairments needs to have only more than a "minimal effect" on ability to perform substantial gainful activity), the Commissioner's allegations regarding Ms. Hernandez-Colwash's vacillation concerning pelvic pain present an insufficient basis for this Court to conclusively determine that Ms. Hernandez-Colwash's pelvic pain was not a severe limitation. Finally, although the Commissioner asserts that Ms. Hernandez-Colwash's bipolar disorder is essentially self-diagnosed and unsupported, *see* ECF No. 18 at 4, numerous examining physicians noted some form of bipolar disorder diagnosis.

The Commissioner argues that "even if the ALJ erred in omitting these impairments at step two, Plaintiff has not shown that it resulted in any harm." *Id.* at 5. "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). An error is harmless when it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Here, however, the ALJ's RFC determination did not include potential limitations stemming from an alleged bipolar diagnosis, including lack of concentration, mood swings, agitation, and irritation. *See* ECF No. 9-2 at 29, Tr. 28. Further, the RFC determination does not account for any limitations that might stem from pelvic pain, including difficulty in sitting for extended periods of time. Overall, the Court cannot determine whether

the omission was harmless because the ALJ did not provide a rationale for rejecting evidence potentially relevant to Ms. Hernandez-Colwash's RFC. *See Black*, 472 F. App'x at 493 (finding that "therefore we do not know whether the ALJ's omission was 'inconsequential to the ultimate nondisability determination'") (quoting *Stout*, 454 F.3d at 1055).

As Ms. Hernandez-Colwash alleged limitations arising from a pelvic fracture and bipolar disorder and such impairments are referenced in her medical records, the ALJ erred by failing to make an express finding regarding the severity, or lack thereof, of those additional impairments. The Court finds that remand for further proceedings is appropriate to allow the Commissioner to make the required findings at step two.

## CONCLUSION

As the Court finds that remand for additional findings is appropriate, the Court need not address Ms. Hernandez-Colwash's allegations of error concerning the ALJ's credibility finding and rejection of medical opinion evidence. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). Further, Ms. Hernandez-Colwash's request

for an immediate award of benefits is denied as further proceedings are necessary to develop the record. *See* ECF No. 13 at 24.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for summary judgment, **ECF No. 13**, is **GRANTED IN PART**.
2. Defendant's motion for summary judgment, **ECF No. 18**, is **DENIED**.
3. This case is **REMANDED** for a *de novo* hearing before the Social Security Administration.
4. **UPON REMAND**, the ALJ will conduct a *de novo* hearing and issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, if necessary, further develop the record, reassess the claimant's residual functional capacity, obtain supplemental evidence from a vocational expert, and re-evaluate the claimant's credibility.
5. **JUDGMENT** shall be entered for the Plaintiff.

The District Court Clerk is hereby directed to enter this Order, enter judgment accordingly, provide copies to counsel, and to **close this file**.

**DATED** this 17th day of June 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 13